HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In the Matter of the Complaint of Martin W. Stair, as owner of a certain 2005 Sea Ray Select for Exoneration from or Limitation of Liability,

Case No. C07-5451 RBL

ORDER

Pending before the Court is Plaintiff's Motion for Order Barring All Claims Not Filed By October 29, 2007 [Dkt. #6]. This motion precipitated a flurry of responses by actual and would-be claimants (plaintiffs in the underlying state tort action), including claimant Aneliese Jonez's Response to Motion to Bar All Claims and Motion to Strike [Dkt. #8] and potential claimants Thomas and Faye Jonez's Motion for Enlargement of Time [Dkt. #12], Motion to Strike [Dkt. #13], and Opposition to Plaintiff's Motion to Bar All Claims [Dkt. #15].

The Court has considered the various pleadings filed in support of and in opposition to the respective motions and the file herein and finds as follows:

**I. BACKGROUND**

The present action stems from an August 19, 2006, boating accident that occurred on the waters of Horsehead Bay in Tacoma, Washington. The factual circumstances surrounding the accident are not germane to the present motions; however, to the extent necessary to identify the parties and their interest in the action, the Court will give a brief recitation. Thomas and Faye Jonez are the parents of Aneliese Jonez, a minor who was twelve years of age at the time of the accident.

On the day in question, Aneliese was struck and seriously injured by a ski boat (the boat that is the subject of this action) driven by Jordan Stair, the son of plaintiff Martin W. Stair.

In the months following the accident, the Jonez family was initially represented by Daniel L. DeWalt [Dkt. #16]; however, Aneliese is currently represented individually by the Seattle firm of Luvera, Barnett, Brindley, Beninger and Cunningham. On August 1, 2007, Aneliese's attorneys filed a personal injury action in Pierce County, Washington, against Jordan Stair, Martin Stair, and Jane Doe Stair arising from the August 2006 accident. Martin Stair then filed the present action with this Court seeking a limitation on, or exoneration from, liability under the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-30512 (the "Act").

In an order dated September 13, 2007, this Court granted Mr. Stair's Stipulation for Value as security for the amount of his interest in the boat ($52,000) and stayed the state action until determination of Mr. Stair's liability under the Act. Additionally, pursuant to Supplemental Admiralty Rule F, this Court ordered that the Clerk of the Court issue notice to all persons asserting claims against Martin Stair arising from the August 2006 incident that such claims must be filed with the Court no later than October 29, 2007.[1] Also pursuant to Rule F, counsel for Martin Stair (Mr. Paul Smith) sent counsel for Aneliese Jonez (Mr. Paul Luvera) a copy of the notice in a letter dated September 14, 2007 [Dkt. #7, p. 3]. However, Mr. Smith apparently did not send such notice directly to Thomas and Faye Jonez or to their counsel (Mr. DeWalt) [Dkt #14, p. 5; Dkt. #16, p. 1]. Additionally, Mr. and Mrs. Jonez were traveling outside of the United States during the period of October 4 through November 1, 2007 [Dkt. #14, pp. 5, 18].[2]

## II. DISCUSSION

A. Filing of a Late Claim

Under Supplemental Admiralty Rule F(4), courts have discretion to enlarge the time within which claims may be filed in a limitation of liability proceeding. Such discretion may be exercised "for

---

[1] This notice was published in The Tacoma News Tribune on four separate occasions between October 1-22, 2007.

[2] Although the Jonez's declarations state that they were out of the country "between the dates of October 4 and November 1, 2006," the declarations also state that they learned of the limitation within the last two weeks following their return on November 1 [*See id.*]. Thus, the Court assumes that the 2006 date is simply a typographical error.

cause shown[,]" a minimal standard that at least one circuit has held requires only "an *explanation* rather than a *justification* for the delay." *Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001) (emphasis added).

Surprisingly, given the sheer geographical magnitude of this Circuit's coastline, legal authority in the Ninth Circuit is somewhat thin for this quirky corner of admiralty law, and courts in this jurisdiction do not appear to have been called upon to interpret the "for cause" language of Rule F(4). Counsel for Mr. and Mrs. Jonez cites to *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963), a case that appears to be as close to authoritative as can be found in this context. There, the Fifth Circuit recognized that "[a]dmiralty is administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by technicalities or formal imperfections." *Id.* at 362 (citing *Bombace v. American Bauxite Co.*, 39 F.2d 867, 869 (5th Cir. 1930)). Thus, the court "readily" accepted the principle that "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims ... upon a showing of the reasons therefor." *Id.* (citing 3 Benedict, Admiralty § 518, p. 542 (Knauth ed. 1940)).[3]

This Court finds that the equitable considerations in the present situation favor granting Mr. and Mrs. Jonez's request for additional time. To begin with, Plaintiff has made no attempt to show (and the Court is hard-pressed to find) how he will be prejudiced by this Court granting the Jonez's motion at such an early stage in the limitation proceeding. Indeed, scarcely a month has passed following the October 29, 2007, cut-off date, and this Court is still a far cry from deciding the liability limitation issue on its merits.

Next, supplemental Admiralty Rule F(4) requires that a plaintiff "mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." Despite the fact that Plaintiff was apparently aware that Mr. And Mrs. Jonez were claimants [*see* Dkt. #14, p. 24], neither Mr. and Mrs. Jonez nor their counsel were given notification of the limitation action as required under the rule. While it may

---

[3] In applying these principles, the court noted several factors that favored granting such equity, including the short time periods at play (as in this case, as little as thirty days) and the lack of a formalized notification process. *Id.* at 362-63.

ORDER
Page - 3

have been understandable for Plaintiff to assume that notice to the daughter (via her counsel, Mr. Luvera) would suffice as notice to the parents, there is nothing before this Court to suggest that Mr. Luvera is, or has ever been, legal counsel for either Thomas or Faye Jonez, nor is there any evidence to show that Mr. and Mrs. Jonez had actual knowledge of the limitation action.

Finally, Mr. and Mrs. Jonez have provided an explanation for their failure to respond within the thirty-day window: the Jonez family was out of the country during the majority of the time in question. Although, the Ninth Circuit has not addressed whether Rule F(4)'s "for cause" provision requires "good cause," the Court is satisfied, given the equitable liberality of admiralty rules recognized in *Texas Gulf Sulphur*, that the Jonezs have met this burden.

B. Plaintiff's Motion to Bar All Claims

Aside from the above-mentioned situation, Plaintiff appears to have otherwise met the procedural requirements of Rule F. Additionally, Mr. and Mrs. Jonez have provided an answer to the limitation of liability action. Thus, it seems proper at this point to grant Plaintiff's motion to bar all claims against Martin Stair, other than those of Mr. and Mrs. Jonez, not filed on or before October 29, 2007. Also, in addressing the claimants' concerns over the breadth of the Court's Order, the Court clarifies that its Order applies only to claims against Martin Stair in his capacity as owner of the injury-causing vessel.

C. Subject Matter Jurisdiction

Finally, this Court is ever mindful of its subject matter jurisdiction. In their opposition brief, claimants Mr. and Mrs. Jonez aver that this court lacks subject matter jurisdiction over Plaintiff's limitation of liability claim because it was not filed within six months of written notice of a claim [*See* Dkt. #15, p. 7]. Although the Court does not rule on the issue at this time, the Court is certainly intrigued by the argument. Thus, within seven days from the issuance of this Order, the Court directs the parties to address the issue of this Court's subject matter jurisdiction over the present action; specifically, whether the correspondence between the parties following the August 19, 2006, accident is sufficient to constitute the "receipt of a claim" under Supplemental Admiralty Rule F(1).

### III. CONCLUSION

For the reasons outlined above, the Court GRANTS Thomas and Faye Jonez's Motion for

1 Enlargement of Time [Dkt. #12]. The Court also partially GRANTS Plaintiff's Motion for Order
2 Barring All Claims, subject to the limitations discussed above. The Court further directs the parties,
3 within seven days from the issuance of this Order, to address the issue of this Court's subject matter
4 jurisdiction over the present action.

5      IT IS SO ORDERED.

6      Dated this 11th day of December, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE