HONORABLE RONALD B. LEIGHTON



07-CV-05451-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In the Matter of the Complaint of Martin W. Stair, as owner of a certain 2005 Sea Ray Select for Exoneration from or Limitation of Liability,

Case No. C07-5451 RBL

ORDER DENYING BARRING ALL CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

Pending before the Court is Plaintiff's Motion for Order Barring All Claims Not Filed By October 29, 2007 (Dkt. #6). The Plaintiff, boat owner/operator Martin Stair, asserted in his motion that the only timely claim in this Court was by claimant Aneliese Jonez in an underlying state tort action. This motion precipitated a flurry of responses by actual and would-be claimants (also plaintiffs in the underlying state tort action), including claimant Aneliese Jonez's Response to Motion to Bar All Claims and Motion to Strike (Dkt. #8) and potential claimants Thomas and Faye Jonez's (Aneliese's parents) Motion for Enlargement of Time (Dkt. #12), Motion to Strike (Dkt. #13), and Opposition to Plaintiff's Motion to Bar All Claims (Dkt. #15).

The Court has considered the various pleadings filed in support of and in opposition to the respective motions and the file herein and finds as follows: the Court DENIES the Motion to Barring All Claims and dismisses this case for lack of subject matter jurisdiction.

Because the Defendant (claimant, Anelise Jonez) provided sufficient written notice of a claim pursuant to Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-30512 (the "Act"), six-

ORDER
Page - 1

month filing period to exonerate or limit liability to the value of the vessel was triggered. As a consequence, the Plaintiff did not timely file his petition, and this Court lacks jurisdiction over this matter.

## I. BACKGROUND

The present action stems from an August 19, 2006, boating accident that occurred on the waters of Horsehead Bay in Tacoma, Washington. The factual circumstances surrounding the accident are not germane to the present motion and the Court will not recount the events that gave rise to the defendants' claims.

In the months following the accident, the Defendant's family was initially represented by Daniel L. DeWalt (Dkt. #16); however, Aneliese Jonez is currently represented individually by the Seattle firm of Luvera, Barnett, Brindley, Beninger and Cunningham. On August 1, 2007, Aneliese's attorneys filed a personal injury action in Pierce County, Washington, against Jordan Stair, Martin Stair, and Jane Doe Stair arising from the August 2006 accident. Martin Stair then filed the present action with this Court seeking a limitation on, or exoneration from, liability under the Act.

In an order dated September 13, 2007, this Court granted Mr. Stair's Stipulation for Value as security for the amount of his interest in the boat ($52,000) and stayed the state action until determination of Mr. Stair's liability under the Act. Additionally, pursuant to Supplemental Admiralty Rule F, this Court ordered that the Clerk of the Court issue notice to all persons asserting claims against Martin Stair arising from the August 2006 incident that such claims must be filed with the Court no later than October 29, 2007.[1] Also pursuant to Rule F, counsel for Martin Stair (Mr. Paul Smith) sent counsel for Aneliese Jonez (Mr. Paul Luvera) a copy of the notice in a letter dated September 14, 2007 (Dkt. #7, p. 3). However, Mr. Smith apparently did not send such notice directly to Thomas and Faye Jonez or to their counsel (Mr. DeWalt) (Dkt #14, p. 5; Dkt. #16, p. 1). Additionally, Mr. and Mrs. Jonez were traveling outside of the United States during the period of October 4 through November 1, 2007 (Dkt. #14, pp. 5, 18).[2]

---

[1] This notice was published in The Tacoma News Tribune on four separate occasions between October 1-22, 2007.

[2] Although the Jonez's declarations state that they were out of the country "between the dates of October 4 and November 1, 2006," the declarations also state that they learned of the limitation within the last two weeks following their return on November 1 [*See id.*]. Thus, the Court assumes that the 2006 date is simply a typographical error.

ORDER
Page - 2

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) Thus, the party seeking to invoke the jurisdiction of the federal courts has the burden to establish that subject matter jurisdiction is proper. *Id.* (citations omitted), which in this case is the Plaintiff.

The standard for granting a motion to dismiss for lack of subject matter jurisdiction varies depending upon the nature of the jurisdictional challenge. Where the jurisdictional attack is facial – i.e., where the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction – the plaintiff is entitled to the safeguards found in Fed. R. Civ. P. 12(b)(6). Thus, the factual allegations in the complaint are taken as true, and the motion will be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988) (quoting *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986)).

Where an attack on the existence of subject matter jurisdiction is made in fact, a district court may hear and weigh evidence with respect to jurisdiction, so long as the jurisdictional facts are not intertwined with the merits of the case. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In such circumstances, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). Because the instant action involves an attack on subject matter jurisdiction in fact and does not involve facts intertwined with the merits of the limitation action, it is this latter standard that applies.

## III. DISCUSSION

### A. General Framework of Limitation of Liability Under the Act

The Limitation of Vessel's Owner's Liability Act, 46 U.S.C. § 30501, et seq. provides a mechanism by which a shipowner (or recreational boat owner) may limit its liability arising out of operation of the owner's vessel to the value of the vessel. Under 46 U.S.C. § 30511, a vessel owner may bring a complaint for exoneration from or limitation of liability arising from a maritime accident. The

statute provides, in relevant part: "the action must be brought within six months after a claimant <u>gives the owner a written notice of claim.</u>" *Id.* (emphasis added). Likewise, Fed.R.Civ.P.Supp. F(1) also requires the vessel owner to commence action within six months after a written notice of the claim is given to the vessel owner: "not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court...for limitation of liability pursuant to the statute."

In order to trigger the six-month statute for a vessel owner to file his petition in federal district court, the claimant must provide sufficient written notice of the claim to the vessel owner.

Failure to file within six months bars a vessel owner from limiting liability and proceeding with the claim in federal court. *See In the Matter of UFO Chuting of Hawaii, Inc.*, 233 F.Supp.2d 1254, 1256 ("whether a limitation action is filed within six months...goes to this court's subject matter jurisdiction"). Accordingly, if a petition is untimely filed, a district court must dismiss the petition because it lacks subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

**B. Written Notice of the Claim was Sufficiently Provided by the Claimant**

Neither the Limitation of Liability Act nor the Supplemental Admiralty Rule defines what constitutes "written notice of claim." Most of the reported decisions address what information is required in the notice, but do not provide a clear analysis for District Courts. As a practical matter, the courts take a broad approach when determining whether the vessel owner was on sufficient notice. *See e.g., Complaint of Bayview Charter Boats, Inc.*, 692 F. Supp. 1480, 1485-86 (E.D.N.Y.1988)(finding that letter by attorneys informing ferry owner of representation of swimmer in connection with his personal injuries and requesting owner to refer letter to insurance and/or legal representative was sufficient "notice of claim"). Two tests have been developed to determine the sufficiency of the notice.

The first test is found in a decision of the Second Circuit. In *Doxsee Sea Claim Co. v. Brown*, 13 F.3d 550(2d Cir. 1994), the Second Circuit concluded that "[n]otice will be sufficient if it informs the vessel owner of an actual or potential claim...which may exceed the value of the vessel. 13 F.3d at 554 (internal citations omitted). The courts later clarified that "written notice must reveal a 'reasonable possibility' that the claim made is one subject to limitation." *Id.*; *In re UFO Chuting of Hawaii, Inc.*, 233 F. Supp. 2d at1256 (D.Hawaii 2001).

Under the second test of sufficiency, district court cases consider whether the writing 1) demands a right or supposed rights; 2) blames the vessel owner for any damage or loss; or, 3) call upon the vessel owner for anything due to the claimant. *See Matter of Loyd W. Richardson Constr. Co.*, 850 F. Supp. 555, 557 (S.D.Tex.1993).[3] Furthermore, under this framework, federal district courts should not have a narrow application of the "Richardson" factors, but rather they must look at the "whole tenor" of a letter and/or correspondences when determining whether it constituted notice. *See Doxsee Sea Claim Co., Inc. v. Brown*, 13 F.3d at 554; *Matter of Oceanic Fleet, Inc.*, 807 F. Supp. 1261 (E.D.La.1992)(four letters taken together provided sufficient notice of claim against vessel owner to trigger six-month period to file petition for exoneration or limitation of liability).

Under either test, the claimant here provided sufficient written notice of a claim that would be subject to limitation. While the claimant did not expressly tell the Plaintiff that the value of her claim would exceed the value of the vessel, there was a reasonable probability that her claim would in fact exceed the value, given that she suffered a traumatic injury which resulted in lower leg amputation.

Even if the claimant did not provide meet the requirements under the first test, the claimant's attorney did send multiple letters, that, when read individually or collectively, provide sufficient notice of the claimant's potential claim arising out of the maritime accident.

1.   Claimant's Correspondence Provided Sufficient Notice of Claim

The relevant correspondence for purposes of this motion were sent between the claimant's attorneys and the Plaintiff's insurance company, beginning late-summer through the end of 2006. The correspondence of September 19, 2006 provided sufficient noticed under the *Richardson* analysis. The letter advised the plaintiff of a claim for injuries sustained in a maritime accident. While there was no expressed discussion that the claim was subject to limitation, there clearly was discussion of reaching a settlement before filing lawsuit. The letter reads, in relevant part:

> This letter will serve to advise you that we represent the above-named client for **injuries sustained in an accident** that occurred on August 19, 2006 in Gig Harbor, Washington.

---

[3] There somewhat of a discrepancy in whether these factors should be read conjunctively for purposes of satisfying this case. In fact, several cases will cite to *Richardson* but imply that all three factors must be present in order to satisfy this test. The courts read them as factors that do not need to be read conjunctively. This reading seems to comply with *Doxsee* and its progeny because the courts tend to give a broad interpretation when considering whether a claimant has given sufficient written notice to trigger the six-month filing period.

> We are in the process of completing our investigation and gathering the necessary evaluation material. Our plan is to eventually prepare a **settlement package** which will be submitted to you for your review.
>
> * * *
>
> As you know, this information is available **through discovery** and I would appreciate your releasing the amount of limits to us without the necessity of our having to file a **lawsuit**.

Exh. 1 of Decl. of Steve Fury in Support of Defendant's Motion Barring all Claims (Dkt. # 14)(emphasis added).

Even if the September 19, 2006 letter alone does not provide sufficient notice as a matter of law, the collection of letters between August 31, 2006 and November 22, 2006 provided the Plaintiff with sufficient written notice of the claim because these letters refer to language referring to the "date of loss," "settlement package," and representation of the claimant "in connection with a claim." *See* Exhs. 1, 4, and 6 of *Id.*

Furthermore, the Plaintiff's attorney also acknowledge that there was a potential claim, which alone should suggest that the Plaintiff received written notice of the claim. In a November 17, 2006 letter to the claimant's attorney, the Plaintiff's attorney provided a brief description of the injuries suffered by the claimant, which reads, in relevant part:

> I am an attorney representing Martin Stair who as you likely know is the owner of a ski boat involved in an unfortunate accident which resulted in an injury to Analiese Jones.[4] You are no doubt aware of the facts surrounding the incident.

Exh. 4 of *Id.*

Based on the content and number of correspondences between the claimant's attorney and the Plaintiff's insurance company, it is clear that the Plaintiff had sufficient written notice of the claim to trigger the six-month filing period for exoneration or limitation of liability.

**C. Effectiveness of Notice to An Agent**

The Plaintiffs assert in its Memorandum that the letters sent by the claimant's attorneys to the Plaintiff's insurance company cannot be used because it was not sent directly to the vessel owner. The Plaintiff provides case law suggesting that correspondence to an insurer was not sufficient in providing written notice of the claim. *Complaint of UFO Chuting of Hawaii, Inc.*, 233 F. Supp.2d at 1258; *N.Y.T.R.*

---

[4] Let the record show that the correspondence misspelled Ms. Jonez' name in this letter.

*Transp. Corp. As Owner of the Scow Marcy*, 105 F.R.D. 144, 146 (E.D.N.Y., 1985). These cases are distinguishable from this case; there was no evidence in these cases suggesting that the insurance companies were that Plaintiffs' agents and had authority to receive written notice.

The courts have determined that written notice of a claim received by an agent of the vessel owner will trigger the six-month statutory filing period for limitation of liability if the agent has sufficient authority to receive notice. *In re Waterfront License Corp.*, 231 F.R.D. 693 (S.D.Fla.2005).

In this case, the insurance company was an agent authorized to receive correspondence on behalf of the Plaintiff. In a August 31, 2006 letter, Encompass Insurance Company wrote a letter to the claimant's attorney, indicating that they were the personal liability insurer for Martin Stair. Exh. 1 of Decl. of Steve Fury in Support of Defendant's Motion Barring all Claims (Dkt. # 14). In addition, Encompass Insurance sent a letter to the claimant's law firm on September 28, 2006, indicating the following: "[w]e have retained defense counsel John P. Hayes...to protect the interests of our insureds in this matter. Kindly direct all further correspondence to Mr. Hayes from this point forward." *Id.* Up until this point, Mr. Stair had all correspondence regarding this matter directed through Encompass Insurance.

## IV. CONCLUSION

Based on the foregoing reasons, the Court GRANTS the Defendant's Motion Barring all Claims for lack of subject matter jurisdiction. The Plaintiff received several written letters that taken together would have triggered the six-month petition filing period, particularly the correspondence dated September 19, 2006. Even if this Court considered the last relevant correspondence dated November 22, 2006, the Plaintiff would have needed to file his limitation petition no later than May 22, 2007. He did not file until August 27, 2007.

IT IS SO ORDERED.

Dated this 9th day of January, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE